IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2015 Term

_____

No. 14-0977
_____

KEVIN S. GOFF,
Petitioner

v.

WEST VIRGINIA OFFICE OF INSURANCE COMMISSIONER and WEST
VIRGINIA DEPARTMENT OF NATURAL RESOURCES,
Respondents

FILED
November 18, 2015
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

Appeal from the
Workers' Compensation Board of Review
Appeal No. 2049243
Claim No. 2011002265

REVERSED AND REMANDED

_____

Submitted: September 22, 2015
Filed: November 18, 2015

Jonathan C. Bowman, Esq.                     Lucinda Fluharty, Esq.
BOWMAN LAW OFFICE                            JACKSON KELLY PLLC
Wheeling, West Virginia                      Wheeling, West Virginia
Counsel for the Petitioner                   Counsel for the Respondent Employer

JUSTICE BENJAMIN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

The statutory percentage disability award contained within W. Va. Code § 23-5-6(f) (2005) for the total functional loss of vision of an eye caused by an occupational injury does not preclude an additional award, if appropriate, for permanent disfiguring effects and other permanent disabling effects caused by the physical removal of the eye itself.

Benjamin, Justice:

The facts of this appeal are largely uncontested. At issue is the question of whether a claimant who lost an eye as a result of a workplace injury is limited to the statutory award set forth in W. Va. Code § 23-5-6(f) (2005) for loss of vision in one eye. For the following reasons, we reverse the decision of the West Virginia Worker Compensation Board of Review ("Board") and remand this claim for further development of whether Kevin S. Goff ("Mr. Goff") suffered additional impairment related to the physical removal of his right eye, in addition to the previously awarded statutory amount of the loss of vision in his right eye.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Goff, a police officer for the Department of Natural Resources, was injured in the course of his employment when he was struck in the right eye by a briar. The injury took place on February 6, 2011. Mr. Goff developed an infection in his right eye and ultimately underwent the removal of his injured right eye. He was fitted with a prosthetic eye, but has needed to seek continuing treatment for conjunctivitis, blepharitis and other conditions related to the eye socket itself. In addition, medical reports indicate that Mr. Goff suffered a permanent disfigurement to the area around his eye.

Throughout the litigation of this claim, Mr. Goff was seen by a number of physicians.[1] Mr. Goff was seen by Keith Cox, M.D., in July of 2011 for the purpose of determining the amount of impairment he suffered from the loss of his right eye. Dr. Cox rated Mr. Goff's impairment at twenty-four percent, according to the Guides to the Evaluation of Permanent Impairment, 4th Ed. ("the Guides").[2] Dr. Cox increased that amount to thirty-three percent, based upon the statutory award contained in W. Va. Code § 23-5-6(f). This statute provides for a set percentage of disability to be awarded based upon injuries related to the loss or severance of, or loss of use of, certain body parts. The statutory mandate for "the total and irrevocable loss of sight in one eye" is thirty-three percent. W. Va. Code § 23-5-6(f). On the basis of this language, Mr. Goff was awarded thirty-three percent permanent partial disability. Nothing was awarded for the permanent impairment caused by his continuing problems with infections and related conditions in his right eye socket or for the permanent disfigurement caused by his eye injury.

Dr. Michael A. Krasnow evaluated Mr. Goff in 2012 and found that no additional permanent partial disability was warranted over and above the thirty-three percent previously awarded for the loss of sight in one eye. The Claims Administrator

[1] This claim remained in litigation because of Mr. Goff's timely protests to the termination of temporary total disability benefits.

[2] For injuries that happen after May 12, 1995, W. Va. Code § 23-4-6 (2005) and W. Va. Code R. § 85 C.S.R 20 et seq. (2006) require the use of the Guides to determine a claimant's medical impairment for the purpose of permanent partial disability awards.

1

("CA") granted no additional permanent partial disability to Mr. Goff on the basis of Dr. Krasnow's report. Mr. Goff filed a timely protest to this ruling.

In support of his appeal, Mr. Goff submitted an evaluation by Dr. Bruce Guberman. Dr. Guberman agreed with the prior medical assessments that found that Mr. Goff's loss of vision warranted a thirty-three percent disability. However, he found additional impairment associated with the injury, including facial deformities related to the removal of Mr. Goff's eye as well as several chronic conditions related to the prosthetic eye, including conjunctivitis and blepharitis. Dr. Guberman recommended that Mr. Goff receive an additional ten percent impairment as a result of these conditions.

Dr. Christopher Martin saw Mr. Goff at the request of the employer. Dr. Martin agreed that Mr. Goff's injury warranted a thirty-three disability, but disagreed with Dr. Guberman's assessment that there were further conditions that supported an award of additional impairment. Dr. Martin disagreed with Dr. Guberman's opinion that there were additional deformities related to the injury.

The Office of Judges ("OOJ") affirmed the CA's award of no additional permanent partial disability above and beyond the statutory thirty-three percent disability award based upon the statute. In its order, the OOJ found that "the claimant's [thirty-three percent] statutory PPD award for the loss of vision of the right eye is a total and complete grant of impairment for that eye." The OOJ further stated that "a grant of any

2

additional impairment for the eye [for facial disfigurement, chronic blepharitis and conjunctivitis] would compensate the claimant twice for that same loss."[3]

Mr. Goff timely appealed this ruling to the Board. In an order entered August 26, 2014, the Board affirmed the denial of additional permanent total disability benefits. Mr. Goff now appeals the Board's order to this Court.

## II. STANDARD OF REVIEW

Our standard of review is stated in W. Va. Code § 23-5-15(d) (2005) as follows:

> If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was so clearly wrong based upon the evidentiary

---

[3] The OOJ relied upon *Linville v. State Compensation Commissioner*, 112 W. Va. 522, 165 S.E. 803 (1932). *See* discussion *infra* Part III.

3

record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision.

W. Va. Code § 23-5-15(b) provides that this Court shall consider the record provided by the Board and give deference to that body's findings, reasoning and conclusions. *See Hammons v. W. Va. Office of the Ins. Comm'r*., 235 W. Va. 577, 775 S.E.2d 458 (2015).

With these standards in mind, we proceed to the arguments of the parties.

## III. ANALYSIS

Since Mr. Goff has already received the statutory thirty-three percent disability award for the full functional loss of vision in his right eye, the issue before this Court is whether Mr. Goff is now precluded by the workers' compensation statute from seeking to recover an additional award for permanent disability caused by the additional physical loss of his right eye, including permanent conditions caused by the placement of a prosthetic eye in his eye socket and the disfigurement caused by his eye injury. In considering this question, we are reminded that West Virginia's workers' compensation system was created by the Legislature as a comprehensive statutory system of insurance for work-related injuries to serve West Virginia's employers and employees. *See Meadows v. Lewis*, 172 W. Va. 457, 307 S.E.2d 625 (1983). In considering this legal question, we therefore endeavor to give effect to the Legislature's intentions.

4

The Board below determined that Mr. Goff may not seek recovery beyond the functional loss of his vision for any permanent conditions resulting from the physical loss of his right eye, concluding that Mr. Goff is legally entitled only to the statutory percentage of disability contained in W. Va. Code § 23-4-6(f) (2005) for a full functional loss of vision in an eye. The statute upon which the Board relied states as follows:

> If the injury results in the total loss by severance of any of the members named in this subdivision, the percentage of disability shall be determined by the percentage of disability, specified in this table:
> . . . .
> The total and irrevocable *loss of the sight* of one eye shall be considered a thirty-three percent disability. For the partial loss of vision in one or both eyes, the percentages of disability shall be determined by the commission, using as a basis the total loss of one eye.

W. Va. Code § 23-4-6(f) (emphasis added).

The medical evidence is largely uncontroverted in regard to the current status of Mr. Goff's eye injury. Mr. Goff argues that based upon the report of Dr. Guberman, he should be awarded a permanent disability award beyond the statutory thirty-three percent award due to the permanent physical conditions caused by the removal of his eye distinct from and in addition to the functional loss of vision in his right eye. These alleged conditions included alleged facial disfigurement from a prosthetic right eye, chronic blepharitis (eyelid inflammation) and conjunctivitis, all purportedly related to the placement of a prosthetic right eye.

5

The employer contends that Mr. Goff is limited to the statutory thirty-three percent award for the total loss of sight in one eye, regardless of what additional conditions may relate to and result from Mr. Goff's occupational injury to his right eye. In other words, the employer argues that the statutory award is the extent of permanent disability which Mr. Goff may receive related to his occupational eye injury and, therefore, that the thirty-three per cent award includes any and all corollary physical disability beyond the loss of vision of an eye. The Board below agreed. This case therefore rests upon whether the Board was legally correct in concluding that Mr. Goff's disability percentage for the functional loss of his eye and its corollary physical effects is limited to the thirty-three percent statutory amount for functional loss of vision in one eye.

There is no disagreement that the relevant language contained within the applicable statute is clear and unambiguous, and therefore not subject to more than one interpretation. *See Fountain Place Cinema 8, LLC v. Morris*, 227 W. Va. 249, 253, 707 S.E.2d 859, 863 (2011) ("A statute is ambiguous when the statute's language connotes 'doubtfulness, doubleness of meaning . . . indistinctness or uncertainty of an expression[.]'" quoting *Crockett v. Andrews*, 153 W. Va. 714, 718-19, 172 S.E.2d 384, 387 (1970). s*ee also Martin v. Randolph Cty. Bd. of Ed.*, 195 W. Va. 297, 312, 465 S.E.2d 399, 414 (1995) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 252–54 (1992) ("'[C]ourts must presume that a legislature says in a statute what it means and means what it says there.'"). We have consistently held that when a statute is

6

unambiguous, we accept its plain meaning as illustrated by syllabus point 2, *State ex rel. Underwood v. Silverstein*, 167 W. Va. 121, 278 S.E.2d 886 (1981): 'Where the language of a statue is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968)."

With respect to losses due to occupational eye injuries, the Legislature limited its statutory wording to the *functional* loss of sight of an eye, not to the resulting corollary permanent effects resulting from the actual *physical* loss of an eye. The Legislature could have gone farther had it wanted to include the permanent effects resulting from a physical loss of an eye just as it did within the statute with respect to the physical severance of limbs and other body parts such as toes, feet, legs and so on—but it did not. We therefore decline to write into the statute something which the Legislature did not—but obviously could have. For us to do so, we would need to read into the statute words which simply are not there. We therefore give effect to the plain meaning of the statute as the Legislature obviously intended and determine that Mr. Goff is not precluded from seeking an additional percent of disability for permanent impairment from his eye injury beyond that of total loss of vision in his right eye.

In finding that Mr. Goff may seek a permanent disability award herein for the physical harm caused by the work-related loss of his right eye over and beyond the functional loss of vision, we do not disturb our holding in *Linville v. State Compensation*

7

*Commissioner*, 112 W. Va. 522, 165 S.E. 803 (1932) (relating to the effect of an award for the total physical, not functional, loss of a foot). In *Linville*, the claimant had already received a disability award for his foot equal to the statutory award for the total physical loss of the foot. In *Linville*, the applicable statutory section related to the total *physical* loss of a limb, which includes all functional uses related to the loss of that limb. Therefore, the claimant could not recover any greater award than for the total physical loss of the limb. Here, however, the Legislature chose its words carefully, focusing on something short of a total physical loss of the eye—limiting its words to the "loss of vision" or "sight" of the eye, rather than the impairments related to the loss of the physical eye itself. Giving effect to this plainly worded statute, we therefore hold that the statutory percentage disability award contained within W. Va. Code § 23-5-6(f) (2005) for the total functional loss of vision of an eye caused by an occupational injury does not preclude an additional award, if appropriate, for permanent disfiguring effects and other permanent disabling effects caused by the physical removal of the eye itself.

In holding that Mr. Goff may be entitled to an award for permanent disability beyond the statutory thirty-three percent awarded, we do not determine what the appropriate additional percentage of disability, if any, might be. Because the underlying order relied upon the presumption that the award must be limited to the statutory impairment for loss of vision in one eye, our review of the limited appellate record reveals that the evidence related to such potential additional disability has not been fully developed or analyzed.

8

Finding that the Board erred as a matter of law in its application of W. Va. Code § 23-5-6(f), we therefore reverse the order of the Board and remand this case for further development of medical evidence related to what, if any, additional award Mr. Goff should receive for permanent disability caused by the physical removal of his right eye over and beyond the loss of his vision in that eye.

## IV. CONCLUSION

For the foregoing reasons, we reverse the Board's order of August 26, 2014, that affirmed the denial of additional permanent partial disability to Mr. Goff, and remand this claim for further development of medical evidence related to what, if any, additional impairment should be awarded to Mr. Goff for permanent disability caused by the physical removal of his right eye beyond the loss of his vision in that eye.

Reversed and remanded.